## CLEVE PATRICK V. THE STATE.

No. 9838.   Delivered November 10, 1926.

Rehearing denied December 22, 1926.

**1.—Possessing Intoxicating Liquor—Evidence Held Sufficient.**

Where, on a trial for possessing intoxicating liquor for the purpose of sale, the evidence of the state supports the verdict, this court will not disturb the findings of the jury.   The district judge and the jury are in better position to decide properly the weight, and degree of credit, to be attached to the testimony of the different witnesses than the appellate court by an inspection of the record.   See Riardon v. State, 4 Tex. Crim. App. 602; Welch v. State, 57 Tex. Crim. Rep. 111, and O'Hara v. State, 57 Tex. Crim. Rep. 577.

ON REHEARING.

**2.—Same—No Error Shown.**

On rehearing, appellant earnestly urges that our conclusion that the testimony supports the verdict was erroneous.   We are unable to agree with his contention, and the motion for rehearing is overruled.

Appeal from the District Court of Jefferson County.   Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty three years in the penitentiary.

The opinion states the case.

*Blain & Jones* and *E. H. Blalock,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Jefferson County of possessing intoxicating liquor for purposes of sale, and his punishment assessed at three years in the penitentiary.

About ten or eleven o'clock at night two officers with a search warrant went to a houseboat occupied by appellant and his wife, in which appellant operated a sort of store where cigarettes, etc., were sold.   The officers found on the boat at the time, beside appellant and his wife, two men, one of whom, according to their testimony, was drinking, but search of whom revealed no liquor on his person.   According to appellant's own testimony said houseboat was "down away from town, way off by itself in an out-of-the-way place, down there in that slip."   One of the officers remained in the storeroom with the parties found there, while the other went to the back of the boat where there was a kind of porch.   The bank of the slip was supported by piling, and the boat lay so near along side of this piling that, according

to the witness French, one could step from the boat porch to the bank. Said bank was about three or four feet above the porch and on the edge of said bank and within reach of said back porch of the boat. French testified that he saw an old quilt, the removal of which revealed a hole either dug or sunk in the ground, and in this were two bottles of whiskey, referred to in one place by French as quart bottles but later referred to both by Mr. Stark and French as gallon bottles. On this point the wife of appellant said in her testimony French holloed back that he had two gallons. In addition to the two gallon bottles just referred to, French testified that on the back porch were several five-gallon jugs and one or two gallon bottles, all of which smelled of corn whiskey. He also testified that on the bank were a number of empty quart bottles "just throwed out around the house." By the use of the word "house," the witness evidently referred to the houseboat. Mr. French said he stood on the back porch of the boat, reached his hand over the bank and got the two bottles of whiskey referred to. It is in testimony that said houseboat had been at the place where it was for about a year.

Appellant's wife swore that she saw French crawl off the boat on to the bank and get way high up on the railroad track. She said he came from some place out there on the prairie holloing that he had two gallons. For some reason she was not asked either on direct or cross-examination in reference to appellant's possession of or sale of whiskey. She made no denial of such possession or sale, but did deny any knowledge of a hole or cave in the bank near the back porch of the boat. Appellant took the stand and denied possession of any whiskey, denied the presence of any big bottles or jugs on his porch that smelled of whiskey. He explained the bottles on the bank, referred to by Mr. French, by saying that boats came up there and sailors were around there. We find no suggestion in the testimony that there was any boat landing or public pass-way near said boathouse. The reference by appellant's wife to a railroad track is accompanied by no statement from any witness as to where such railroad track was located or its proximity to the houseboat. One of the men who was on the boat with appellant when the officers raided the place testified for the defense. He said the officers brought in a couple of bottles of whiskey after the search, but in another place he said he did not see any liquor on that evening. Probably he meant before the officers came. He testified that he had been on the back porch of appellant but never noticed any hole in the side of the bank. He also said, however, that one could reach

the bank from the back porch of the boat. Officer French was placed on the stand for the state in rebuttal and said he did not go out of the boat and up on any railroad track and find any whiskey up there. He testified that appellant's wife was not out on the back porch when he was there and found the whiskey. He further said that after he found the two gallon bottles in the hole under the quilt, he crawled up on the bank and looked around but found nothing more. The houseboat was right up against the bank. This is the substance of the testimony.

There are no exceptions to the charge which submitted the case on the theory of circumstantial evidence, and told the jury that possession meant having personal charge of, exercising the right of ownership and control of the liquor in question, whether same be found on appellant's premises or not.

Save the flat denial of appellant, there is nothing to call in question his possession of the liquor. Symington and his mate, who were the two men at appellant's place at the late hour in the night referred to, could not be suspected of such possession except in collusion or in connection with appellant. That any other person should go within a few feet of an inhabited house-boat, situated as appellant said, "way off there in an out-of-the-way place," and dig a hole or place two gallons of whiskey in a hole already dug and then cover it with a quilt and go away and leave it, would seem to the writer to be a theory which mildly stated no jury would be called on to accept. The presence of a number of containers, bottles similar to the ones found under the quilt, and jugs, etc., on the back porch of appellant's boat, all yielding the same odor as that of the liquor found in the two bottles, and the finding of the two gallon bottles within easy reach of appellant's porch covered by a quilt, coupled with the presence of other bottles scattered around on the nearby bank, and the presence of a sailor drinking but having on his person no bottle of liquor, seem ample justification for the jury's conclusion of appellant's guilt.

The witnesses were before the trial court and jury. In Riardon v. State, 4 Tex. Crim. App. 602, we said that the district judge and the jury are in better position to decide properly the weight and degree of credit to be attached to the testimony of the different witnesses than the appellate court by an inspection of the record. Numerous cases hold with our statute that the weight of the testimony is for the jury and unless their finding is against the weight of the testimony it will not be disturbed on the facts. In Welch v. State, 57 Tex. Crim. Rep. 111, we said that this court on appeal will only be justified in setting aside

a verdict on the facts, when there is no evidence supporting the jury's finding. In O'Hara v. State, 57 Tex. Crim. Rep. 577, we said that a verdict which has received the approval of the trial court will not be interfered with in the absence of an abuse of his discretion.

Believing the evidence in this case sufficient to support the finding of the jury, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a lengthy and carefully prepared motion for rehearing, urging that this court misinterpreted the testimony in several particulars, and insisting that our conclusion that the testimony supported the verdict was erroneous. The several members of this court had given the facts in this case careful scrutiny before the original opinion was handed down, and the record has been again examined in the light of appellant's motion, but we are unable to reach a different conclusion. To us it seems that the evidence was sufficient.

The motion for rehearing is overruled.

*Overruled.*